## No. 10,100.

### THE STATE EX REL. JOHN SCHROEDER VS. G. L. VAY, MAYOR OF THE CITY OF BATON ROUGE.

Under an ordinance of the city of Baton Rouge the owner of a dog was ordered by the mayor of the city to produce the animal at his office that it might be killed. The dog was brought to the mayor's office in compliance with the order, but the killing was prevented by an injunction from a competent court. Thereupon the owner of the dog was sentenced to imprisonment in the parish jail for twenty days. Held, that the sentence was null and the action of the mayor arbitrary and oppressive.

APPLICATION for Mandamus and Prohibition.

*Geo. H. Braughn* and *Geo. W. Buckner* for the Relator.

*T. Jones Cross*, City Attorney, for the Respondent.

The opinion of the Court was delivered by

TODD, J. The relator, in his petition to this court, alleges substantially:

That on the 15th of December last he was arraigned before the mayor of the city of Baton Rouge, and was condemned to produce a Newfoundland dog —his property—at the office of the mayor, to be shot to death, " or, (quoting) in default thereof, to pay a fine of fifty dollars or be confined in the parish jail for twenty days, until the dog be shot."

That he produced the dog at the mayor's office in compliance with the order, but at the same time sued out an injunction before the district court of the parish of East Baton Rouge, restraining the killing of the dog; that the mayor, upon learning of the injunction, ordered

14

relator to be confined in the parish jail in accordance with the sentence aforesaid.

He charges that the mayor in thus acting transcended his authority and jurisdiction; that the sentence was illegal, and was neither authorized by any ordinance of the city of Baton Rouge or law of the State.

He accompanies his petition by a copy of the proceedings of the mayor's court and of the ordinance of the city under which the mayor purported to act.

He asks for a writ of prohibition and such other and further relief as the law would afford him.

The mayor, in his answer to the application of relator, substantially admits the truth of relator's allegations, but justifies his action in sentencing him to jail on the ground that the dog was not in fact produced to be killed, in compliance with his order, but the killing was prevented by a resort to a writ of injunction.

The record of the proceedings and copy of the ordinance produced verify fully the allegations of the relator and sustain the charge that the conduct of the mayor in the premises was arbitrary and oppressive and without the sanction of law and municipal authority.

The ordinance in question is entitled "Dog Ordinance," and merely provides for the killing of dogs running at large on the streets, but denounces no penalty whatever against the owners of such animals or against any one for a violation of the ordinance. Nor are we pointed to any law of the State, and know of none, under which the action of this officer can obtain the least justification or its enormity be palliated.

Under the enlarged terms of the prayer of the petition, and all the proceedings before us, we feel authorized to grant full relief.

It is therefore ordered, adjudged and decreed that the sentence complained of by the relator be annulled and set aside, and the writ of prohibition be made peremptory at the costs of the relator.